State v. Roybal, 20 N. M. 226.

### OPINION OF THE COURT.

---

[No. 1731, April 7, 1915.]

### STATE v. ROYBAL.

#### SYLLABUS BY THE COURT.

Where the evidence of a jury is not supported by substantial evidence, judgment entered upon such verdict will be set aside on appeal.

P. 227

Parker, J., dissenting.

Appeal from District Court, Santa Fé County; E. C. Abbott, Judge.

Manuel Roybal y Lopez was convicted of stealing and selling one head of neat cattle, and appeals. Reversed, with directions to sustain a motion for new trial.

RENEHAN & WRIGHT of Santa Fé, for appellant.

· The evidence is insufficient to sustain the verdict in that it shows that the appellant sold the calf in question under an honest claim of ownership, the intent essential to larceny therefore being absent.

IRA L. GRIMSHAW, Assistant Attorney General, for the State.

It is true that the record must show that appellant sold an animal belonging to another with intent to deprive the owner thereof of the possession of the same, and that the same was sold knowingly.
25 Cyc. 45, 69; sec. 79, C. L. 1897.

As to meaning of knowingly see O'Donnell v. Commonwealth, 62 S. E. (Va.) 373; Territory v. Cortez, 15 N. M. 92.

There is no evidence indicating mistake or ignorance on the part of appellant. The State made out a prima facie case and appellant did not see fit to take the stand and rebut it.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant was tried and convicted, in the district court of Santa Fé county, upon an indictment charging him with stealing and selling one head of neat cattle, the property of one Estanislao Gallegos. The principal ground here urged for a reversal is that the verdict of the jury, upon which judgment was entered, is not supported by the evidence. This contention necessitates an examination of the facts in the case, proven upon the trial, for the purpose of ascertaining whether there is substantial evidence to support the verdict of the jury. Where the verdict of a jury is not supported by substantial evidence, the appellate court will set aside the judgment entered thereon. The indictment upon which this prosecution is based was drawn under section 79, C. L. 1897, which provides:

"Any person who shall * * * knowingly * * * sell * * * or in any manner deprive the owner of the immediate possession of any neat cattle, * * * shall be deemed guilty of a felony. * * * *"

The Attorney General admits that it was necessary for the state to prove that the appellant knowingly stole, or sold the property of another; in other words, in so far as this particular case is concerned, that it was incumbent upon the state to show that the defendant did not sell the animal in question under the honest, although mistaken belief, that it was his own property.

The facts, briefly stated, are as follows: Some six or seven years prior to the selling of the animal in question the appellant owned a cow, which bore his brand upon its side. He sold or traded this cow to Antonio J. Romero, now deceased, then the husband of Minerva Romero, now Gallegos, one of the witnesses for the state. Romero placed his brand "A. R." upon the right hip of the animal. Upon his death the cow became the property of his widow, now Minerva Gallegos. Some time before the alleged larceny of the cow and calf Mrs. Gallegos gave this cow, along with some others, to Estanislao Gallegos on a partido contract, under which he became and was the owner of the calf following the cow in question at the time of the alleged larceny. The calf was not branded, but it had certain marks thereon, which was the earmark claimed by his father. In July, 1912, the appellant, in company with one Entemio Roybal, were in the mountains searching for some stray animals belonging to each of them. They came upon the cow in question, accompanied by the calf, which apparently was still suckling its mother. Upon the side of the cow they saw distinctly the brand of the appellant, and neither of them observed any other brand or mark upon the animal. Appellant remarked that there was a cow belonging to him, to which Roybal replied, "It bears your brand." The parties went on searching for estrays and found two bulls, one belonging to each of the parties. These they drove back to where they had seen the cow and calf, but the latter had disappeared during their further search for estrays. They left the bulls and went in search of the cow and calf, which appellant found and drove back to where the bulls were left. In the meantime the bull belonging to Roybal had disappeared. Appellant said to Roybal that he would

take the cow, calf, and bull on to Santa Fé and sell them.
Roybal accompanied him for a mile or two toward Santa
Fé, then left him and went in search of his bull. Up to
the time Roybal left Lopez, it did not appear that Lopez
had noticed any other marks or brands upon the cow.
Lopez brought the animals into Santa Fé and sold them
to Andres Pacheco, a butcher. The animals arrived at
Pacheco's shop about 10 a. m. Pacheco testified that he
did not see any brand upon the cow, other than the brand
of appellant, which was plainly discernible. He killed
the animals and noticed no other brand upon the cow.
Some days later, some question having arisen as to the
ownership of the animals, probably induced by statements
made by appellant as to his having found the cow and
calf upon the range to some near neighbors of the prose-
cuting witness, Pacheco, together with a cattle inspector,
examined the hide of the cow. While the hide was dry,
they were not able to see the "A. R." brand upon it, but
could distinctly see appellant's brand. They procured
water and wet the hair upon the hide and then saw, very
dimly, however, the "A. R." brand. Later the hides were
examined by the prosecuting witness and others. Upon
these facts, the defendant, an old man 70 years of age,
presumably hitherto of good moral character, was found
guilty. The witnesses, upon whose evidence the convic-
tion was had, were all more or less related to appellant,
and it appears circumstantially from the evidence that ill
feeling existed on the part of some of the witnesses against
appellant.

We believe the facts in this case fail to show a criminal
intent on the part of appellant. While it is true the evi-
dence established the fact that the cow and calf in ques-
tion were the property of others, yet it is clear that ap-
pellant sold them under the mistaken belief that they
belonged to him. The calf was following and suckling a
cow, bearing his brand, and also it is true another brand,
but which was clearly not seen or observed by appellant.
He drove them away in the presence of a witness, well
known to the owners of both the cow and calf. He sold
them to Pacheco, the butcher, in the presence of other

witnesses. He told his neighbors, upon his return home about the transaction. All these circumstances show conclusively, in our opinion, a lack of knowledge on the part of appellant that he was selling the property of others.

The verdict not being supported by substantial evidence, the trial court should have sustained appellant's motion for a new trial. The judgment is reversed, with directions to sustain the motion for a new trial; and it is so ordered.

HANNA, J., concurs.

### PARKER, J., (Dissenting.)

PARKER, J.—I dissent. A jury and a district judge saw the witnesses for the state and had opportunity to judge of their credibility. The defendant did not testify, nor was any evidence offered in his behalf. The fact of the taking of the animals by defendant, and the fact that the cow had another brand upon her, sufficiently distinct to have been seen by the companion of defendant, was sufficient to call for explanation by the defendant, and, in its absence, to warrant his conviction.

Executive clemency is the remedy for the defendant.